*Compiler of laws / law library*

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

      vs.

BILLY JOE SCOTTY SABLAN,

      Defendant.

CRIMINAL CASE NO. CF0090-05

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco on the Defendant's Motion to Correct Illegal Sentence, filed May 13, 2008. Oral arguments were heard on December 3, 2008. Assistant Public Defender Pablo M. Aglubat appeared on behalf of the Defendant and Assistant Attorney General Charles Kinnunen appeared on behalf of the Government. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On November 25, 2005, the Defendant entered a plea of guilty to the charge of Aggravated Assault as a Third Degree Felony in violation of 9 GCA § 19.20(a)(2)(b), which carries a maximum penalty of five (5) years under 9 GCA § 80.30(c). On February 15, 2006, the Defendant was sentenced according to the terms of his plea agreement to five (5) years imprisonment with two (2) years suspended, with credit for time served. Several conditions were attached to the Defendant's sentence, including restitution and special parole for three (3) years. *See* Ct.'s Judgment, 2-3, February 15, 2006. Paragraph 1(h) of the Judgment states,

> Failure of the Defendant to follow all of his conditions of probation will result in a hearing to revoke parole at which time the court may impose the maximum sentence allowable under the statute charged.

The Defendant began to serve his sentence of incarceration on March 31, 2006.

On March 20, 2008 the Defendant filed a Motion for Declaration of Eligibility for Parole. Because the Parole Board determines the eligibility for parole, the appropriate claim for relief was a Writ of Mandate, so Defendant's motion was dismissed on March 21, 2008. *See* 9 GCA Chapter 85.

On May 13, 2008 the Defendant filed the motion before the Court to Correct Illegal Sentence. Defendant contends that his sentence is illegal because the two (2) years suspended portion of the sentence cannot be enforced since it has no conditions for revocation. The Defendant argues that such an unenforceable sentence is ambiguous and therefore illegal. For this reason, the Defendant moves to strike the two (2) year portion from the sentence.

At the December 3, 2008 hearing on the matter, the Defendant also moved for educational programs and work release.

## DISCUSSION

Under Guam law, a court may suspend the imposition of a sentence when probation is otherwise appropriate. *See* 9 GCA § 80.10(a). If a sentence is suspended, conditions must be attached in order to enforce any revocation of the suspension. 9 GCA § 80.62(a) provides:

> If the court suspends the imposition of sentence or places an offender on probation, it shall attach such reasonable conditions, authorized by this Section, as it deems appropriate to assist him to lead a law-abiding life.

9 GCA § 80.62(b) provides conditions that the Court may impose, including but not limited to restitution and stay-away orders.

In this case, the Defendant argues that the suspended portion of his sentence cannot be imposed for lack of conditions. The Court does not agree. From the clear language of the Judgment, the Court imposed several conditions upon the Defendant where, if violated, the Court may revoke and impose the two (2) year suspended portion of the sentence. These conditions include restitution, a psychiatric evaluation, a stay-away order and a condition of "special parole for a period of three (3) years." *See* Ct.'s Judgment, 2-3, February 15, 2006. Paragraph 1(h) also specifically gives the Court the power to impose the maximum sentence if "his conditions of probation" are violated. *See* Id. at 5. While the Defendant was not placed on probation, two (2) years of his maximum sentence were suspended with conditions in accordance with the provisions of Guam law governing probation and suspension. *See* 9 GCA § 80.60 et. seq. For this reason, the conditions are included in the sentence in order to make any suspension or

probation enforceable, and by the same token, the suspended sentence serves the important function of deterring the Defendant from violating the conditions of his sentence. Therefore, the suspended portion of the Defendant's sentence has a purpose, is enforceable, and is not ambiguous for lack thereof.

The Ninth Circuit has explained that a sentence may be illegal by virtue of its ambiguity. *See* U.S. v. Alverson, 666 F.2d 341, 348 (9th Cir. 1982) *quoting* U.S. v. Daugherty, 269 U.S. 360, 363 (1926).

In this case, the Defendant contends that his sentence must be corrected due to its illegality by virtue of its ambiguity under the reasoning of Alverson. To the contrary, this Court finds that the Defendant's suspended sentence is not ambiguous because it is enforceable with conditions. For this reason, the Defendant's sentence is not illegal, and his Motion to Correct Illegal Sentence fails.

At the December 3, 2008 hearing, the Defendant also asked the Court for work release and educational release. Since his offense specifically precludes his eligibility for work and educational release outside of prison, the Defendant requests work or educational release within the confines of prison. *See* 9 GCA § 19.20(b). The Defendant provides no citations of authority for such an order, and the Court will not speculate whether this request falls within its purview or risk the possibility of usurping the authority of the correctional facility or the Parole Board. Although the Court poses no objection in allowing work and educational release within the confines of prison for the Defendant, the Court is devoid of any authority to grant or deny Defendant's request. This Court will therefore give deference to the appropriate authority to entertain Defendant's request.

///

///

///

///

///

///

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's Motion to Correct Illegal Sentence is hereby DENIED and the Court will give deference to the appropriate authority regarding the Defendant's request for work and education release within the prison.

SO ORDERED this 30th day of January, 2009.

**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam

JAN 3 0 2009

Peter G. Miyasaki
Deputy Clerk, Superior Court of Guam